UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

KELVIN SETTLE,

    Petitioner,

V.

FRANCISCO QUINTANA, WARDEN,

    Respondent.

Civil Action No. 5: 15-32-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kelvin Settle is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Settle has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Settle's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

---

[1] Settle has recently filed a motion to amend his petition [R. 7], but his one-page motion sheds no light on the amendment he proposes and offers no explanation for his three-month delay in seeking to add new claims or grounds for relief. In light of the Court's disposition of his petition, his motion will be denied.

**Background**

On December 13, 2007, a federal grand jury sitting in Saint Louis, Missouri handed down an indictment charging Settle and several others with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). Shortly before trial, on July 31, 2008, the government filed a notice pursuant to 21 U.S.C. § 851 that Settle had prior federal drug trafficking convictions which would subject him to a mandatory minimum 20-year prison term if convicted of the charged offense. On August 6, 2008, a jury found Settle guilty of the offense. In doing so, the jury specifically found that the offense involved more than five kilograms of cocaine. [R. 1-1, p. 6-7]

In anticipation of sentencing, a presentence investigation report was prepared and filed, to which the government had no disagreement but to which Settle filed objections. To resolve their differences, on October 30, 2008, Settle and the United States executed a written Sentencing Agreement. In that agreement, the United States agreed to withdraw its previously filed § 851 notice, and to recommend the mandatory minimum 120-month sentence, also in the middle of the 108-135 month sentencing guidelines range. [R. 1-1, pp. 14-15] In exchange, Settle agreed to withdraw his objection to the amount of cocaine attributed to him. Settles also agreed to waive his right to appeal if the trial court sentenced him within the guidelines range, and further expressly waived any right to contest either his conviction or his sentence in any post-conviction proceeding, including one under 28 U.S.C. § 2255. [R. 1-1, pp. 16-17]

The trial court accepted the Sentencing Agreement, and on October 30, 2008, sentenced Settle to a 120-month term of incarceration. Settle did not file a direct appeal, but in the years following he filed a number of miscellaneous motions, including several pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence, all without success. *United States v. Settle*, No. 4:07-CR-759-JCH-2 (E.D. Mo. 2007).

In his current petition, Settle contends that following his arrest on August 10, 2006, he was questioned over the course of two days on August 10 and 11, 2006, and was not brought before a magistrate until February 19, 2008, which he contends violated Federal Rule of Criminal Procedure 5(a)(1)(A). Settle also claims the prosecution failed to disclose exculpatory and impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). [R. 3, p. 5; R. 1, pp. 6-10]

## Discussion

The Court must deny Settle's petition for several reasons. First, Settle is barred from collaterally attacking his conviction or sentence pursuant to the waiver provisions found in Paragraph 2(C)(2) of his Sentencing Agreement. In that agreement, Settle expressly and unequivocally "waive[d] all rights to contest the conviction or sentence in any post-conviction proceeding …" [R. 1-1, p. 17] Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Settle asserts here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013) (holding that claim asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally attack conviction); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Second, even if Settle were not bound by his own bargained-for waiver, Settle's claims are claims of ordinary trial error which must be pursued on direct appeal or in a § 2255 motion, and hence are not cognizable under § 2241. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review …").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Here, Settle's claims are not based upon any intervening Supreme Court decision, but upon *Brady* and Rule 5(a)(1)(A), both of which were in effect at the time of his trial, and the violation of which does not indicate that he did not commit the offense for which he was convicted. Settle's claims therefore plainly fall outside the decidedly narrow scope of claims falling within the "savings" clause of § 2255(e). *Harrison v. Quintana*, No. 5:14-132, 2014 WL 2769108 (E.D. Ky. June 17, 2014) (holding that "challenges to the sufficiency of the evidence and allegations of prosecutorial misconduct and *Brady* violations are quintessential claims of trial error which a defendant can and must pursue on direct appeal or in a motion under § 2255.") (*citing Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003), *aff'd*, No. 14-5847 (6th Cir. Feb. 25, 2015); *United States v. Neder*, 451 F. App'x 842, 844 (11th Cir. 2012) (*Brady*, *Giglio*, and prosecutorial misconduct claims do not fall within the scope of the savings clause). Settle's petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Settle's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. Settle's motion to amend his petition [R. 7] is **DENIED**.

3. Settle's motion to expedite [R. 8] is **DENIED AS MOOT**.

4. The Court will enter a judgment contemporaneously with this order.

5. This matter is **STRICKEN** from the docket.

Dated May 18, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY